## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STONECRAFTERS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>ALMO DISTRIBUTING NEW YORK, INC.<br><br>Defendant. | : : : : : : : : : : : : : : | **07CV5105**<br>**JUDGE LEFKOW**<br>**MAG.JUDGE KEYS** |



FILED

SEP 1 1 2007
9 - 11 - 07

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1453, Defendant Almo Distributing New York, Inc. ("Almo") hereby removes this action from the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois to the United States District Court for the Northern District of Illinois. Removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In further support of removal, Almo states as follows:

### I. THE STATE COURT ACTION

1. On August 1, 2007, Plaintiff Stonecrafters, Inc. ("Stonecrafters") filed a Class Action Complaint ("Complaint") with the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois (the "State Court Action"). The State Court Action was assigned Case No. 07

LA 274.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all substantive records and proceedings from the State Court Action are attached hereto as Exhibit 1.

3.      Defendant Almo was served with the Complaint on August 14, 2007. (Exhibit 1.)

4.      Plaintiff's Complaint consists of three counts. Count I alleges violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(a)-(b). Count II alleges common law Conversion. Count III alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2.

5.      All three counts arise from Defendant's purported act of faxing an unsolicited advertisement to Plaintiff on or around February 13, 2004.

## II.     FEDERAL QUESTION JURISDICTION EXISTS

6.      Title 28 U.S.C. § 1331 states, in its entirety: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

7.      The TCPA, set forth at 47 U.S.C. § 227, is a federal statute. The Seventh Circuit in Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 451 (7th Cir. 2005) has held that federal question jurisdiction exists for claims brought under 47 U.S.C. § 227(a)-(b), the TCPA's prohibition against faxing unsolicited advertisements. The Seventh Circuit held that such claims are removable on federal question grounds "because the claim arises under federal law." Id.

8.      Accordingly, this Court has federal question jurisdiction over Plaintiffs' TCPA claim, and this case is clearly removable pursuant to 28 U.S.C. § 1441 and 1453.

### III. SUPPLEMENTAL JURISDICTION EXISTS OVER THE STATE LAW CLAIMS

9.     Title 28 U.S.C. § 1367(a) states, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the **same case or controversy** under Article III of the United States Constitution. (Emphasis added.)

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims for Conversion and violation of the Illinois consumer fraud statute (ICFA) because those claims are part of the "same cause or controversy" as the TCPA claim. All three legal claims arise from the same underlying act of purportedly faxing an unsolicited advertisement to Plaintiff.

11.     In any event, Plaintiff's Conversion and ICFA claims are without merit. See Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 443 F. Supp. 2d 976, 978-80 (N.D. Ill. 2006) (court dismissed Conversion and ICFA claims where the defendant allegedly sent an unsolicited fax in violation of the TCPA).

12.     Moreover, Plaintiff's claim for violation of the ICFA is barred by the three-year statute of limitations. In Gredell v. Wyeth Laboratories, Inc., 803 N.E. 2d 541 (Ill. App. Ct. 2004), the court noted that the statute of limitations for an action under the ICFA, 815 ILCS 505/2, is three years. Id. at 546 (citing 815 ILCS 505/10a(e)). Here, the Complaint alleges that Plaintiff received the fax "on or about February 13, 2004." (Compl. ¶ 11.) Plaintiff filed its Complaint on August 1, 2007, more than three years after February 13, 2004. Thus, Plaintiff's ICFA claim is time barred.

13.     Plaintiff's state law claims do not predominate over its federal claim. Therefore, supplemental jurisdiction and removal should be permitted under 28 U.S.C. § 1441(c).

418109_05.wpd

3

## IV.    TIMELY FILING AND PROPER SERVICE OF THIS NOTICE OF REMOVAL

14.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days after the Complaint was served upon Defendant and, therefore, has been timely filed.

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, and is being served on Plaintiff.

16.    Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed in accordance with Fed. R. Civ. P. 11.

WHEREFORE, Defendant hereby removes this case from the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois.

Dated: September 11, 2007                            Respectfully submitted,

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**

Patrick V. Dahlstrom
Joshua B. Silverman
1 North LaSalle Street
Suite # 2225
Chicago, IL 60602-3908
Telephone: (312) 377-1181


**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Michael T. Fantini
Jon J. Lambiras
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

Counsel for Defendant

# EXHIBIT 1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I caused a copy of the attached Notice of Removal

to be served upon plaintiff's counsel listed below via U.S. mail this 11th day of September, 2007:

Brian J. Wanca, Esq.
ANDERSON & WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock, Esq.
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

_____

418109_05.wpd

# EXHIBIT 1

418109_01.wpd

9/6/2007
3:04PM

DOCKET LISTING

Page 1

| Case Number | Entitlement | Filing Date | Case Status |
|---|---|---|---|
| 07LA000274 | STONECRAFTERS INC ETC VS ALMO DISTRUBUTING NEW YORK IN | 8/1/2007 | OPEN |

**Judgments**

None

**Next Scheduled Date**

12/12/2007

**Companion Cases**

None

**Parties**

PLAINTIFF      STONECRAFTER INC ETC
DEFENDANT      ALMO DISTRUBUTING NEW YORK INC
ATTORNEY FOR PLAINTIFF      ANDERSON & WANCA

**Papers Filed**

8/1/2007    COMPLAINT
8/1/2007    CERTIFICATE - ATTORNEY
8/1/2007    MOTION

**Financial Journal Entries**

| Journal Type | Amount | Date | Reference |
|---|---|---|---|
| FILING FEE | 236.00 | 8/1/2007 | CAS |
| COPIES COST | 7.50 | 8/3/2007 | CAS |
| PAID ON ACCOUNT | 7.50 | 8/3/2007 | OIM |

**Minute Entries**

| Date | Location | Judge | Reporter |
|---|---|---|---|
| 12/12/2007 | 204 | CALDWELL, MICHAEL T. | |

Reason - CONFERENCE - SCHEDULING
Result -

IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
MCHENRY COURTY, ILLINOS

**FILED**

AUG - 1 2007

07LA274

VERNON W. KAYS, JR.
MCHENRY CTY. CIR. CLK

STONECRAFTERS, INC., an Illinois corporation,
individually and as the representative of a class of
similarly-situated persons,

        Plaintiff,

        v.

ALMO DISTRIBUTING NEW YORK, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE**
BY LOCAL RULE 3.10
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM _204_, ON
_12-13_ 20_07_, AT _9_ AM PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

## CLASS ACTION COMPLAINT

Plaintiff, STONECRAFTERS, INC. ("Plaintiff"), brings this action on behalf of itself and
all other persons similarly situated, through its attorneys, and except as to those allegations
pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges
the following upon information and belief against Defendant, ALMO DISTRIBUTING NEW
YORK, INC. ("Defendant"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person
or entity from faxing or having an agent fax advertisements without the recipient's prior express
invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right
of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its
fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that
would have been spent on something else. A junk fax interrupts the recipient's privacy.
Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.     Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in McHenry County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.     Plaintiff is an Illinois corporation with its principal place of business in McHenry County, Illinois.

10.     On information and belief, Defendant, ALMO DISTRIBUTING NEW YORK, INC, is a New York corporation with its principal place of business at Philadelphia, Pennsylvania.

## FACTS

11.     On or about February 13, 2004, Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

2

12.    Plaintiff had not invited or given permission to Defendant to send the fax advertisement.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

17.    A class action is warranted because:

(a)    On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial

3

availability of property, goods, or services;

      (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)    Whether Defendant violated the provisions of 47 USC § 227;

      (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

      (viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the

4

commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine.

5

Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ALMO DISTRIBUTING NEW YORK, LLC, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

6

All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31. A class action is proper in that:

(a) On information and belief the class consists of more than 40 persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendant committed the tort of conversion.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant

7

also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time

8

otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ALMO DISTRIBUTING NEW YORK, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is

9

impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)   Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any

10

consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.     Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.     Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ALMO DISTRIBUTING NEW YORK, INC, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

11

D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited

faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual member.

Respectfully submitted,

STONECRAFTERS, INC., individually and as the
representative of a class of similarly-situated persons

By:    _____

One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock (#6224502)
ANDERSON + WANCA                        DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760          134 N. La Salle St., Suite 1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone: 847/368-1500                 Telephone: 312/578-4100
Attorney No. 3126474

12

**EXHIBIT A**

02-11 2004  13:13   5199915759          ALMO SPECIALTY          PAGE  01/01

## IMPORTANT INFORMATION   IMPORTANT INFORMATION   IMPORTANT INFORMATION

# ALMO®
## Specialty Products Group

*Putting the the 'NEW' in appliance News*

# IT PAYS TO LEARN

**DCS**
Full Line Training 
*PERFECT HEAT. IT'S ABOUT TIME.*

**SHARP**
High Speed Cooking System

**FABER**
Premium Ventilation

*Please Join us on*

# February 24th, 25th

*at*

The Carlisle Banquet Facility
435 E. Butterfield Rd.
Lombard, IL

*for a*

## TRAINING SESSION

Morning Session – 9:00 am
(includes lunch)

*or*

Afternoon Session – 3:00 pm
(includes dinner)

*Space is limited, be sure to RSVP*

## RSVP

by February 16, 2004
Call Christina at 800-836-2522 ext. 7102

## IMPORTANT INFORMATION   IMPORTANT INFORMATION   IMPORTANT INFORMATION

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/14/2007
Log Number 512494103

**TO:**  George J Hartnett, Attorney
White and Williams LLP
1800 One Liberty Place, 1650 Market Street
Philadelphia, PA, 19103-7395

**RE:**  **Process Served in New York**

**FOR:**  Almo Distributing New York, Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stonecrafters, Inc., etc., Pltf. vs. Almo Distributing New York, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Motion, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | McHenry County: Circuit Court of the 22nd Judicial Circuit, IL Case # 07LA274 |
| **NATURE OF ACTION:** | Class Action - Alleges violations of the Telephone Consumer Protection Act due to faxing of unsolicited advertisements |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/14/2007 at 11:54 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Anderson & Wanca 3701 Algonquin Rd. Ste. 760 Rolling Meadows, IL, 60008 847-368-1500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791365335790 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue New York, NY, 10011 |
| **TELEPHONE:** | 212-894-8940 |

Page 1 of 1 / SA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

*SUMMONS – 30 DAY*
IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

(Name all parties)

**Stonecrafters, Inc., an Illinois corporation**

**individually and as the representative of a**

**class of similarly-situated persons,**

Plaintiff(s)

vs.

**Almo Distributing New York, Inc.,**

Case Number _01 A 274_

Amount Claimed $ _____

_____

Defendant(s)

PLEASE SERVE:
CT Corporation, Regis. Agent
111 Eighth Avenue
New York, NY 10011

# SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS AUG 1 2007 20____

_Vernon W Kays Jr_

Clerk of the Circuit Court

---

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name **ANDERSON + WANCA**

Attorney for **Plaintiff**

Address **3701 Algonquin Rd., Ste. 760**

City, State Zip **Rolling Meadows, IL 60008**

Telephone **(847) 368-1500**

Prepared by **Brian J. Wanca**

Attorney for **Plaintiff**

Attorney Registration No. **3126474**

**SHERIFF'S FEES**

Service and return   $ _____

Miles _____   $ _____ _____

Total Sheriff's Fees   $ _____

Sheriff of _____ County

## I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANTS AS FOLLOWS:

**(a) INDIVIDUAL DEFENDANTS – PERSONAL:**
The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.

_____

_____

_____

**(b) INDIVIDUAL DEFENDANTS – ABODE:**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years and upwards, informing that person of the contents of the summons. The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully pre-paid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
|---|---|---|
| | | |
| | | |
| | | |

**(c) CORPORATION DEFENDANTS:**
By leaving a copy of the summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| | | |
| | | |
| | | |

**(d) OTHER SERVICE**

_____

_____

_____, Sheriff of _____ County

By: _____, Deputy

CV-SUM9: Revised 12/01/06          Page 2 of 2

*SUMMONS – 30 DAY*
**IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**McHENRY COUNTY, ILLINOIS**

(Name all parties)

**Stonecrafters, Inc., an Illinois corporation**

**Individually and as the representative of a**

**class of similarly-situated persons,**

Plaintiff(s)

vs.

**Almo Distributing New York, Inc.,**

Case Number ⟨handwritten⟩ 07 LA 274

Amount Claimed $_____

Defendant(s)

PLEASE SERVE:
CT Corporation, Regis. Agent
111 Eighth Avenue
New York, NY 10011

# SUMMONS

**To each Defendant:**

  YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

  This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS ⟨stamp⟩ AUG = 1 2007 _____ 20 ___

⟨signature⟩ Vernon W Kays Jr

Clerk of the Circuit Court

---

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name **ANDERSON + WANCA**

Attorney for **Plaintiff**

Address **3701 Algonquin Rd., Ste. 760**

City, State Zip **Rolling Meadows, IL 60008**

Telephone **(847) 368-1500**

Prepared by **Brian J. Wanca**

Attorney for **Plaintiff**

Attorney Registration No. **3126474**

CV-SUM9: Revised 12/01/06                    Page 1 of 2

**SHERIFF'S FEES**

Service and return    $ _____

Miles _____    $ _____

       Total Sheriff's Fees    $ _____

_____

Sheriff of _____ County

**I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANTS AS FOLLOWS:**

**(a) INDIVIDUAL DEFENDANTS -- PERSONAL:**

The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.

_____

_____

_____

**(b) INDIVIDUAL DEFENDANTS – ABODE:**

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years and upwards, informing that person of the contents of the summons. The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully pre-paid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(c) CORPORATION DEFENDANTS:**

By leaving a copy of the summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) OTHER SERVICE**

_____

_____

_____, Sheriff of _____ County

By: _____, Deputy

IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
MCHENRY COUNTY, ILLINOIS

*FILED*

*AUG - 1 2007*

VERNON W. KAYS, JR.
MCHENRY CITY. CIR. CLK.

STONECRAFTERS, INC., an Illinois corporation,  )
individually and as the representative: of a class of  )
similarly-situated persons,  )
                                                )
                 Plaintiff,  )
                                     )
        v.  )
                                       )
ALMO DISTRIBUTING NEW YORK, INC.,  )
                                       )
               Defendant.  )

07 LA 274

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, STONECRAFTERS, INC., by its attorneys, Anderson + Wanca and Diab &

Bock, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for

class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., prays that this court enter an order

pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

STONECRAFTERS, INC., individually and as the
representative for a class of similarly-situated
persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca (#3126474)                  Phillip A. Bock (#6224502)
ANDERSON + WANCA                           DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760             134 N. La Salle St., Suite 1000
Rolling Meadows, IL 60008                  Chicago, IL 60602
Telephone: 847/368-1500                    Telephone: 312/578-4100
Fax: 847/368-1501

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I caused a copy of the attached Notice of Removal

to be served upon plaintiff's counsel listed below via U.S. mail this 11th day of September, 2007:

        Brian J. Wanca, Esq.
        ANDERSON & WANCA
        3701 Algonquin Road, Suite 760
        Rolling Meadows, IL 60008

        Phillip A. Bock, Esq.
        DIAB & BOCK, LLC
        134 N. LaSalle Street, Suite 1000
        Chicago, IL 60602